S. Peter Serrano
United States Attorney
Eastern District of Washington
Tyler H.L. Tornabene
Courtney R. Pratten
Assistant United States Attorneys
Echo D. Fatsis
Contract Law Clerk
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID ANTONIO BECERRIL,

    Defendant

Case No.: 1:23-CR-2029-SAB

United States' Motion *In Limine* Re: Testimony of Dr. Anne Frea

    The United States of America, by and through undersigned counsel, respectfully provides this Motion *in Limine* re: Testimony of Dr. Anne Frea. The defense has indicated that it may call Dr. Anne Frea in the defense case in chief. As has been outlined orally to the Court, Dr. Frea was a contract physician with Real Time Physicians who has since pleaded guilty in the Eastern District of Wisconsin to Making False Statements Relating to Healthcare Matters, in violation of 18 U.S.C. § 1035(a)(2), for her work as a contract physician with Real Time.

United States' Motion *in Limine* Re: Dr. Frea Testimony – 1

While testimony from Dr. Frea in the defense case regarding what she did for Real Time as a contract physician during the charged scheme and conspiracy and the fact she pleaded guilty for that conduct is arguably relevant, this Court should exclude the following:

1) hearsay testimony from Dr. Frea regarding communications she may have had with her co-conspirators in the charged scheme and conspiracy as they are not being offered by a party opponent and thus do not qualify under Fed. R. Evid. 801(d)(2)(E); and

2) testimony regarding Dr. Frea's personal intent to defraud, knowledge, or deliberate ignorance or the falsity of the prescriptions she certified while working for Real Time; such testimony as to Dr. Frea's *mens rea* is irrelevant to this case and any scant probative value is substantially outweighed by the danger of misleading and confusing the jury. Fed. R. Evid. 401, 403.

### **AREAS OF DR. FREA'S POTENTIAL TESTIMONY**

The defense has not provided any reciprocal discovery regarding Dr. Frea's anticipated testimony in any defense case in chief. However, the United States has interviewed Dr. Frea on multiple occasions and has reviewed documents relevant to her association with Real Time Physicians as a contract physician, and has disclosed the same to the defense.

Dr. Frea was a contracted physician with Real Time from January of 2018 to March of 2019. During that time Dr. Frea accessed the Real Time web portal and prescribed DME for patients that she had never seen, did not know, and with which she had no patient-physician relationship.

On September 26, 2023, Dr. Frea pleaded guilty in Federal District Court in the Eastern District of Wisconsin to one count of Making False Statements Relating

United States' Motion *in Limine* Re: Dr. Frea Testimony – 2

to Healthcare Matters, in violation of 18 U.S.C. § 1035(a)(2). In her plea agreement, Dr. Frea admitted that she "knew that she was not exercising her independent medical judgment, as required by Medicare, when she issued these orders," and that she "knew that her orders caused medical brace suppliers to bill Medicare for over $4,000,000 of medical equipment that was not medically necessary, of which Medicare actually paid over $2,000,000." *United States v. Frea*, No. 2:23-CR-00174-PP, ECF No. 2.

Last week, for the first time, Dr. Frea told federal investigators that contrary to her under oath admissions in her plea agreement, she was not aware of the falsity of the prescriptions when she signed them. To the United States' knowledge Dr. Frea has not sought to withdraw her plea agreement having already been sentenced to a term of probation. The United States understands that Dr. Frea is no longer represented by counsel.

## HEARSAY TESTIMONY FROM DR. FREA SHOULD BE EXCLUDED

When offered by the United States as a party opponent, testimony about co-conspirator's statements is admissible evidence. Pursuant to Fed. Evid. Rule 801(d)(2)(E), statements made by a defendant's co-conspirator during and in furtherance of the conspiracy are not hearsay, and are otherwise admissible, when offered against an opposing party. Fed. R. Evid. 801(d)(2)(E). However, any such statement from a non-testifying co-conspirator is not admissible by a defendant. Such statements are inadmissible hearsay pursuant to Rule 801 and are not "statements offered against an opposing party" under Rule 801(d)(2) when offered by the party himself, rather than the party's "opponent." *See* Fed. R. Evid. 801(d)(2); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) ("Admissions by a party-opponent are not considered hearsay and therefore can be admitted against that party . . . . The rules do not, however, provide an exception for self- serving, exculpatory statements made by a party which are being sought

United States' Motion *in Limine* Re: Dr. Frea Testimony – 3

for admission by that same party."); *see also United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) ("[W]hile the government was free to introduce the statement as an admission by a party-opponent, *see* Fed. R. Evid. 801(d)(2)(A), [the defendant] had no right to introduce it on his own."); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). For purposes of Rule 801, a statement made by an opposing party's co-conspirator is considered a statement of the opposing party. Fed. R. Evid. 801(d)(2).

Accordingly, while Dr. Frea could testify to non-hearsay statements of non-testifying co-conspirators, to the extent there are any, she should be precluded from testifying to co-conspirator statements as those statements would be offered in the defense case-in-chief and thus not by a party opponent. To rule otherwise, would open the door to self-serving hearsay that can not be tested by cross-examination or otherwise.

## DR. FREA SHOULD BE PRECULDED FROM TESTIFYING AS TO HER OWN *MENS REA*

Dr. Frea's testimony as to her own *mens rea* while participating in the fraud scheme and conspiracy is irrelevant and runs a substantial risk of confusing and misleading the jury as they deliberate regarding Defendant's *mens rea* for the crimes *he* is charged with for *his* participation in the charged scheme and conspiracy.

It is well established that "Evidence is unfairly prejudicial if it has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Boudreau*, No. 23-4092, 2025 WL 2647460, at *8 (9th Cir. Sept. 16, 2025) citing *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003). "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981

F.2d 422, 424 (9th Cir. 1992); *United States v. Espinoza-Baza*, 647 F.3d 1182, 1190 (9th Cir. 2011) ("[u]nder our precedent, even "a small risk of misleading the jury" substantially outweighs the probative value of minimally probative evidence"); *United States v. Gonzalez–Flores,* 418 F.3d 1093, 1098–99 (9th Cir.2005) (evidence presenting even a "modest likelihood of unfair prejudice" is "high enough to outweigh the. . . probative value" of marginally relevant evidence).

    Here Dr. Frea's testimony as to her own after the fact and contradictory statements about her own *mens rea* are irrelevant to Defendant's *mens rea* and all other elements of the charged offenses. The only purpose of eliciting such testimony is for the improper implication that if Dr. Frea didn't develop the *mens rea* then one of her co-conspirator, with whom she never had any direct contact with during the charged scheme and conspiracy, the Defendant, also did not develop the *mens rea* for which he was charged. Such evidence and argument is extremely confusing and misleading for a jury tasked with determining whether or not a particular individual with his own circumstances, knowledge, and experiences, (all of which being properly admitted into evidence for the jury's consideration) developed the required *mens rea* as to the 16 different charges in the Indictment.

    Moreover, the evidence adduced at trial has shown that there were at least more than ten (10) other Real Time contract physicians actively participating in the charged scheme and conspiracy as Defendant was. It would be misleading to allow only one of those physician co-conspirators to testify as to their own assessment of their own *mens rea*. As a result, should Dr. Frea be allowed to testify as to her own assessment of her own *mens rea* the United States would need to mount a substantial rebuttal case to bring forth other co-conspirators who themselves have their own assessments of their own respective *mens reas*. At

//

United States' Motion *in Limine* Re: Dr. Frea Testimony – 5

//

//

bottom, any testimony from Dr. Frea regarding her own assessment of her own *mens rea* will inevitably lead to further evidence and argument on collateral issues.

RESPECTFULLY Submitted on September 23, 2025.

S. Peter Serrano
United States Attorney

*/s/ Tyler Tornabene*
Tyler H.L. Tornabene
Courtney R. Pratten
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

United States' Motion *in Limine* Re: Dr. Frea Testimony – 6

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record in this matter.

*/s/ Tyler H.L. Tornabene*
Tyler H.L. Tornabene
*Assistant United States Attorney*

United States' Motion *in Limine* Re: Dr. Frea Testimony – 7