ANTHONY J. BRASS (CASBN. 173302)
Attorney at Law
3223 Webster Street
San Francisco, California 94123
Telephone: (415) 922-5462
Facsimile: (415) 346-8987
tony@brasslawoffice.com

MATTHEW DUGGAN (WASBN. 21852)
Attorney at Law
23505 East Appleway Ave., Suite 200-175
Liberty Lake, Washington 99019
Telephone: (509)557-0584
matt@mattdugganlaw.com

Attorneys for Defendant David Antonio Becerril

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 1:23-CR-2029-SAB |
| Plaintiff, | ) |
| | ) DEFENDANT'S MOTION TO DISMISS |
| v. | ) PURSUANT TO FEDERAL RULE 29 |
| | ) |
| | ) HON. STANLEY A. BASTIAN |
| DAVID ANTONIO BECERRIL, | ) UNITED STATES DISTRICT COURT |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## I. INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 29, Defendant **Dr. David Becerril** respectfully moves this Court for a judgment of acquittal on all counts charged against him. Viewing the evidence in the light most favorable to the Government, no rational trier of fact

could find beyond a reasonable doubt that Dr. Becerril knowingly and willfully participated in a Medicare fraud scheme or conspiracy.

At trial, the Government's evidence established, at most, that co-conspirators implemented and operated an illegal electronic prescription system that replicated Dr. Becerril's signature through an autofill function, beyond the limited instances in which Dr. Becerril knowingly applied his signature. The Government failed to present sufficient evidence that Dr. Becerril knew of, authorized, or intended the fraudulent use of his signature, or that he knowingly joined any conspiracy to defraud Medicare.

## II. LEGAL STANDARD

A judgment of acquittal must be entered if the evidence is insufficient to sustain a conviction. *Fed. R. Crim. P. 29(a).* While the Court must view the evidence in the light most favorable to the Government, speculation, inference stacking, and guilt by association are insufficient to support a conviction. *United States v. Lopez*, 271 F.3d 472, 486 (3d Cir. 2001).

To sustain a conviction for Medicare fraud or conspiracy, the Government must prove beyond a reasonable doubt that the defendant knowingly and willfully engaged in the fraudulent scheme and intended to defraud the Medicare program. *See* 18 U.S.C. §§ 1347, 371.

## III. ARGUMENT

**A. The Government Failed to Prove Knowing and Willful Participation**

The Government's case fails to establish knowledge and intent. Evidence shows that an electronic system, operated by co-conspirators rather than Dr. Becerril, automatically replicated his signature on multiple prescriptions.

Importantly, there was no evidence showing that Dr. Becerril knew his signature was being copied except for the times he intentionally signed prescription pages. No one testified that he created the system, had administrative control over it, or was told that his signature would be reused like this.

U.S. v. David Antonio Becerril 1:23-CR-2029-SAB
Defendant's Motion to Dismiss Pursuant to Rule 29 2

Absent proof of knowledge, the Government cannot meet its burden. *See United States v. Brown*, 459 F.3d 509, 518 (5th Cir. 2006) (mere presence or association with fraudulent activity is insufficient).

### B. Unauthorized Signature Replication Cannot Be Imputed to Dr. Becerril

The Government's theory improperly relies on attribution without authorization. Judicial decisions have consistently determined that the acts of forgery, improper use of signatures, or unauthorized electronic duplication by third parties do not demonstrate criminal intent unless there is evidence that the defendant knowingly allowed or instructed such actions. *See United States v. Medlock*, 792 F.3d 700, 709 (6th Cir. 2015).

Here, the evidence affirmatively showed that:

- The autofill function operated automatically;
- The replication occurred outside Dr. Becerril's presence;
- Dr. Becerril denied knowledge of the replicated signatures; and
- No witness testified that Dr. Becerril approved or instructed the use of autofill signatures.

The Government's case rests on the impermissible inference that because Dr. Becerril's signature appeared, he must have known — an inference the law does not permit.

### C. The Government Failed to Establish Agreement or Conspiracy

To prove conspiracy, the Government must show that Dr. Becerril knowingly entered into an agreement to commit fraud. *United States v. Garcia*, 580 F.3d 528, 535 (7th Cir. 2009).

The evidence showed no such agreement. At most, it showed that Dr. Becerril:

- Signed certain prescription pages in legitimate clinical contexts;
- Relied on administrative staff or third parties for processing; and
- Was unaware of the illegal mechanics used by others downstream.

There was no evidence of meetings, communications, profit-sharing, or directives indicating that Dr. Becerril knowingly joined a fraudulent scheme. Without proof of agreement, the conspiracy charge fails as a matter of law.

**D. Conflicting Testimony and Nonconforming Signatures Further Defeat Any Inference of Knowledge or Control**

The Government's case is further undermined by irreconcilable conflicts between the testimony of its own witness, Alexander Santa, and the documentary evidence introduced at trial. Mr. Santa testified that he designed and implemented the telemedicine and electronic prescription system, which was programmed to autofill a signature in each patient file. He stated that replicated signatures on prescriptions were a built-in feature.

However, the Government also introduced numerous prescriptions bearing signatures that did not match one another and did not conform to a uniform auto filled signature. These discrepancies directly contradict Mr. Santa's testimony that the system automatically populated each patient file with the same signature.

This conflict is critical for three reasons:

1. It establishes that the autofill system described by Mr. Santa was not being consistently used.
2. It demonstrates that the prescription process was altered, overridden, or manipulated by individuals other than Dr. Becerril; and
3. It precludes any rational inference that Dr. Becerril knowingly authorized or controlled the process, because the system itself was being violated.

If the system functioned as Mr. Santa outlined, the signatures would exhibit consistency. The observed discrepancies indicate that unauthorized human intervention took place downstream, outside Dr. Becerril's awareness or participation.

**D. The Government's Evidence Demonstrates Loss of Control, Not Criminal Intent**

Rather than proving knowing participation, the evidence shows that Dr. Becerril lacked control over both the telemedicine platform and the prescription workflow.

The inconsistent signatures confirm that:

- The system was not operating, or *was not operated,* as designed;
- Mr. Santa's own safeguards (if any) were bypassed; and
- Co-conspirators exercised unilateral control over prescription generation.

Courts have repeatedly held that loss of control over one's signature or credentials — particularly in electronic systems — negates the inference of intent absent proof of knowing authorization. Where a system is manipulated by third parties, criminal liability cannot be imposed based solely on the appearance of a defendant's name or signature.

Here, the conflicting evidence affirmatively supports the defense theory that Dr. Becerril's signature was misused in ways inconsistent even with the system's original design — a fact wholly incompatible with knowing and willful participation.

**E. The Government's Case Rests on Speculation Built on Internally Inconsistent Proof**

The Government does not meet its burden by providing:

- Testimony suggesting that signatures should have been auto filled, and
- Documentary evidence showing that autofill was not always used.

This contradiction leaves the jury guessing about:

- Who made changes to the system,
- When those changes were made, and
- Whether Dr. Becerril was aware of any such changes.

Rule 29 exists precisely to prevent convictions based on such speculation. Where the Government's own evidence contradicts itself on a core element of the alleged scheme, a judgment of acquittal is required as a matter of law.

**D. Circumstantial Evidence Does Not Cure the Government's Failure of Proof**

While the Government may rely on circumstantial evidence, it may not rely on piling inference upon inference. *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015). The Government asks the jury to infer that Dr. Becerril knew about the autofill system, intended its fraudulent use, and agreed to a conspiracy solely because his signature appears. This speculation cannot support a conviction.

## IV. CONCLUSION

Because the Government failed to present sufficient evidence that Dr. David Becerril knowingly and willfully participated in a Medicare fraud scheme or conspiracy, this Court must grant his Rule 29 motion and enter a judgment of acquittal on all counts. The conflicting testimony regarding the operation of the autofill system, combined with documentary evidence proving that the system was violated, eliminates any rational basis upon which a jury could find knowing participation by Dr. Becerril beyond a reasonable doubt.

Dated:  January 27, 2026                                        Respectfully Submitted,


__/s/_____
ANTHONY J. BRASS
Attorney for Defendant
DAVID ANTONIO BECERRIL


__/s/_____

MATTHEW DUGGAN
Attorney for Defendant
DAVID ANTONIO BECERRIL

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, I electronically filed the foregoing with the Clerk of the United States District Court in the Eastern District of Washington via the CM/ECF system which in turn sends such filing to all counsel of record in this case.

_____

Anthony J. Brass, Attorney for Defendant