FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>DAVID ANTONIO BECERRIL,<br><br>                Defendant. | No.    1:23-CR-02029-SAB-1<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule 29, ECF No. 94. The motion was heard without oral argument. Defendant is represented by Anthony Brass and Matthew Duggan. The United States is represented by Courtney Pratten and Tyler Tornabene.

In September 2025, a jury convicted Defendant of sixteen counts, including Conspiracy to Commit Health Care Fraud, Conspiracy to Commit Wire Fraud, five counts of Health Care Fraud, four counts of Wire Fraud, and five counts of False Statements Relating to Health Care Matters.

Defendant now moves for judgment of acquittal on all counts charged against him. He asserts that when viewing the evidence in the light most favorable to the United States, no rational trier of fact could find beyond a reasonable doubt that he knowingly and willfully participated in a Medicare fraud scheme or conspiracy. As Defendant sees it, the evidence presented by the United States at best established that co-conspirators implemented and operated an illegal electronic prescription system that replicated his signature through an autofill function beyond the limited instances in which he knowingly applied his signature. As such, the Untied States failed to present sufficient evidence that

**ORDER DENYING MOTION TO DISMISS ~ 1**

he knew of, authorized, or intended the fraudulent use of his signature, or that he knowingly joined any conspiracy to defraud Medicare.

## Motion Standard

Rule 29 provides that, after a jury returns a guilty verdict, a "court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). Courts reviewing a motion for judgment of acquittal under Rule 29(c) apply the same test as they do in evaluating a challenge to the sufficiency of the evidence. *United States v. Ladum*, 141 F.3d 1328, 1337 (9th Cir. 1998). When considering a motion for judgment of acquittal, courts must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hursh*, 217 F.3d. 761, 767 (9th Cir. 2000).

In ruling on a Rule 29 motion, the court must first consider the evidence presented at trial in the light most favorable to the United States. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). Then, the court must determine whether this evidence, so viewed, is adequate to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Id.* "The hurdle to overturn a jury's conviction based on a sufficiency of the evidence challenge is high." *United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010). "[A]ny conflicts in the evidence are to be resolved in favor of the jury's verdict." *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir. 2000).

The United States need not provide direct evidence of all elements of the crime; circumstantial evidence and reasonable inferences drawn therefrom can be sufficient to sustain a conviction. *See United States v. Cordova Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." *United States v. Dinkane*, 17 F.3d 1192, 1996 (9th Cir. 1994) (quotation omitted). It is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts. *United States v. Dreitzler*, 577 F.2d 539, 545 (9th

**ORDER DENYING MOTION TO DISMISS** ~ 2

Cir. 1978) (quotation omitted).

**Legal Framework**

In order to convict Defendant of conspiracy, the jury needed to find beyond a reasonable doubt that there was an agreement between two or more persons to commit a crime, and Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it. The jury was instructed that one becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

In order to convict Defendant of Health Care Fraud, the jury needed to find Defendant knowingly and willfully executed or attempted to execute a scheme or plan to obtain money or property owned by and under the custody or control of a health care benefit program by means of material false or fraudulent pretense, representations and promises, and acted with the intent to defraud.

In order to convict Defendant with Wire Fraud, the jury needed to find Defendant knowingly participated in a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises, and that Defendant acted with the intent to defraud.

In order to convict Defendant with Making False Statements Relating to Health Care Matters, the jury needed to find that Defendant knowingly and willfully made a false, fictitious, or fraudulent statement or representation.

The jury was instructed that it could find that Defendant acted knowingly if it found beyond a reasonable doubt that Defendant was aware of a high probability that his conduct was part of a scheme to defraud, and Defendant deliberately avoided learning the truth. The jury was also instructed that it could not find such knowledge if it found Defendant actually believed his conduct was not part of a scheme to defraud or if Defendant was simply negligent, careless or foolish.

//

**ORDER DENYING MOTION TO DISMISS ~ 3**

## Background Facts

In 2019, the Department of Justice began a nationwide investigation of marketers and durable medical equipment (DME) suppliers who ran telemedicine schemes to defraud the Medicare program. This takedown identified marketers who paid national and international call centers to bombard elderly patients to generate "leads" for braces. Those "leads" then turned into patient records and orders for braces who then contracted with medical practitioners, through a locum tenens company, to sign the medical records and orders. Once the records and orders were signed, the marketers sold the orders through an illegal kickback relationship with the owners of the DME supply companies. The DME companies filled the order with knee, ankle, and shoulder braces and then billed Medicare. Many beneficiaries complained about these schemes when they received unwanted braces in the mail or saw charges in their Medicare statements for items they did not receive.

Through the investigation Defendant David Becerril, a family medicine physician, was identified as a referring provider who ordered DME for Medicare beneficiaries consistent with a DME telemarketing scheme. Dr. Becerril was employed with a company, Real Time Physicians LLC (Real Time). This company was involved with a large-scale telemedicine fraud scheme that involved marketers to solicit information from Medicare beneficiaries and create fabricated medical records and pre-prepared medical orders often for medical braces and expensive genetic testing. In order for the scheme to be successful, the signature of a licensed medical practitioner certifying the braces and testing were reasonable and medically necessary based upon the practitioner's assessment of the beneficiary's individual physical condition was required.

Through Defendant's employment with Real Time, he signed 1,467 orders for genetic tests and braces to Medicare beneficiaries from February 27, 2018 to September 9, 2019.

## Defendant's Argument

Defendant argues the United States failed to prove knowing and willful participation because the electronic system, operated by co-conspirators, rather than Defendant,

**ORDER DENYING MOTION TO DISMISS ~ 4**

automatically replicated his signature on multiple prescriptions. Moreover, there was no evidence that he knew his signature was being copied, except for the times he intentionally signed prescription pages. There was no testimony that Defendant created the system, had administrative control over it, or was told that his signature would be reused in such a manner.

Defendant asserts the evidence showed that a manually entered signature was then auto-applied to supporting documents, which creates a risk of unauthorized or altered application of the signature. Defendant maintains these documentary inconsistencies raise reasonable doubt as to whether Defendant personally executed each charged form.

Defendant asserts that his speedy review (average of 26 seconds) does not prove criminal intent. While it may show gross negligence, it does not rise to the level of criminal fraud. Defendant argues the United States' theory at trial rested almost entirely on the existence of a contract and per-assessment compensation, and this is insufficient to show a conspiracy as a matter of law.

Defendant maintains there is no evidence to prove that he knew statements were false, knew beneficiaries lacked medical need, that he agreed to defraud Medicare or that he intended to deceive.

## Analysis

### 1. Review of the Evidence

The first step the Court must do is consider the evidence presented at trial in the light most favorable to the United States.

The United States presented evidence that Defendant signed hundreds of false and fraudulent orders for Real Time, despite having no knowledge of the beneficiary's health and never having spoken to the beneficiary. Evidence was introduced that doctors who contracted with Real Time would have clicked through all the supporting documents before signing or approving any requisition order. For every order, a contracted physician, like Defendant, had to manually sign their name in a box to approve the order, and that signature was applied in appropriate places on the supporting documents. Evidence was

**ORDER DENYING MOTION TO DISMISS ~ 5**

presented that contracted physicians, like Defendant, could review every order they signed and see where their signature was applied on the supporting documentation.

The jury heard evidence of Defendant admitting to signing everything he was asked to sign, even though he never met the beneficiaries.

**2. Essential Elements beyond a Reasonable Doubt**

The next step the Court must complete is determine whether the evidence, when viewed in the light most favorable to the United States, was adequate to allow the jury to find the essential elements of the crime beyond a reasonable doubt.

**a.  Conspiracy to Commit Health Care Fraud, Conspiracy to Commit Wire Fraud, five counts of Health Care Fraud**

Defendant concedes there was evidence that co-conspirators implemented and operated an illegal electronic prescription system. The question, then, is whether a rational juror could find he became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it.

Viewing the evidence in the light most favorable to the United States, the Court finds there was sufficient evidence for a rational juror to find Defendant became a member of the conspiracy, knew the objections, and helped accomplish those objectives. Evidence was admitted that Defendant used his unique login information, opened the platform, viewed requisition forms, and signed orders for DME and genetic tests for Medicare beneficiaries.

A rational juror could find that Defendant had actual knowledge, was at least deliberately ignorant that he was signing false orders, orders which were needed to accomplish the conspiracy.

**b.  Health Care Fraud**

Viewing the evidence in the light most favorable to the United States, the Court finds there was sufficient evidence for a rational juror to find Defendant knowingly and willfully executed a scheme, make false representations, and acted with the intent to defraud. The jury heard evidence that as a physician enrolled to bill Medicare, Defendant

**ORDER DENYING MOTION TO DISMISS ~ 6**

was responsible for making sure he was complying with Medicare requirements, and Medicare required DME and genetic tests to be medially necessary. Defendant signed that the DME or genetic test was medically necessary, despite him having no knowledge of the beneficiary's health and never having spoken to the beneficiary. When he signed the orders, he knew he was making a false representation about medical necessity, given that he had never spoken to any beneficiary and had not reviewed their medical records. Also, based on his admissions to law enforcement, a rational jury could find Defendant had the requisite knowledge and intentionally signed each of the orders in the charged counts and did so with the intent to defraud having contracted for and received compensation as a direct result.

### c.  Wire Fraud

For the same reasons identified above, a rational jury, when viewing the evidence in the light most favorable to the United States, could find Defendant had the requisite knowledge and intent, and knowingly participated in a scheme when he intentionally signed each of the orders in the charged counts, having contracted for and received compensation as a direct result.

### d.  False Statements Relating to Health Care Matters.

For the same reasons identified above, a rational jury, when viewing the evidence in the light most favorable to the United States could find that Defendant knowingly and willfully made false statement related to the delivery or payment of health care benefits.

//
//
//
//
//
//
//
//

**ORDER DENYING MOTION TO DISMISS ~ 7**

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant's Motion to Dismiss Pursuant to Federal Rule 29, ECF No. 94 is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 9th day of March 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS** ~ 8