FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID ANTONIO BECERRIL,<br>Defendant. | No. 1:23-CR-02029-SAB-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion To Reconsider Defendant's Motion For Release Pending Appeal, ECF No. 121. Defendant is represented by Anthony Brass and Matthew Duggan. The United States is represented by Courtney Pratten and Tyler Tornnabene. The motion was heard on an expedited basis.

Defendant asks the Court to reconsider its Order denying his request for release pending appeal. It appears Defendant has been ordered to self-surrender on August 19, 2026.

The Court has inherent jurisdiction to modify, alter, or revoke its Order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Local Crim. Rule 12(c)(5) provides that motions for reconsideration are disfavored and states the Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.

Defendant has not met its burden. In his motion, Defendant presented an

additional argument not made in his initial motion regarding an evidentiary ruling that this Court made at trial. The argument is not based on new facts or circumstances not already known to Defendant and the Court, nor is it based on any change in the law. Additionally, Defendant has not shown the Court committed manifest error.

One of the requirements for Defendant to remain released pending his appeal is to show the appeal raises substantial question of law or act. 18 U.S.C. § 3143(b). The Court previously found Defendant failed to meet this requirement.

Defendant argues the Court committed manifest error in granting the United States' Motion in Limine. The Court disagrees. Defendant has presented no legal support that the Court erred in ruling the probative value of Dr. Frea's testimony made after her change of plea, namely, that while working as a physician for Real Time Physicians she had not been aware of the falsity of the prescriptions when she signed them, was clearly outweighed by the danger of unfair prejudice. Such after the fact self-serving accounts of a co-conspirator, who never met or interacted with Defendant, as to her own *mens rea* statements, would have confused and mislead the jury tasked with determining Defendant's *mens rea* for the crimes charged.

Accordingly, **IT IS HEREBY ORDERED**.

1. Defendant's Motion To Reconsider Defendant's Motion For Release Pending Appeal, ECF No. 121, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 17th day of August 2026.

Stan Bastian

Stan Bastian
Chief United States District Judge